THE STATE OF KANSAS, *ex rel. Otis E. Hungate, as County Attorney, etc.,* v. W. M. TIBBITS *et al.*
No. 14,577. (85 Pac. 526.)

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW — *Statute Relating to Injunctions Held Valid.* Chapter 334 of the Laws of 1905, amending section 4700 of the General Statutes of 1901 (one of the sections of article 12 of the code relating to injunctions), is not multifarious because it deals with injunctions in respect to such diverse matters as taxation, improvident public contracts, and nuisances.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed April 7, 1906. Reversed.

*C. C. Coleman,* attorney-general, and *Otis E. Hungate,* county attorney, for The State; *R. B. Welch,* of counsel.

*Hazen & Gaw,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: This proceeding in error was commenced to procure a review of an order of the district court vacating a temporary injunction. The injunction was granted under the authority of chapter 334 of the Laws of 1905, the material portion of which reads as follows:

"That section 4700 of the General Statutes of 1901

be amended so as to read as follows: Sec. 4700. An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same, or to enjoin any public officer, board or body from entering into any contract or doing any act not authorized by law that may result in the creation of any public burden or the levy of any illegal tax, charge or assessment; and any number of persons whose property is or may be affected by a tax or assessment so levied, or whose burdens as taxpayers may be increased by the threatened unauthorized contract or act, may unite in the petition filed to obtain such injunction. An injunction may be granted in the name of the state to enjoin and suppress the keeping and maintaining of a common nuisance. The petition therefor shall be verified by the county attorney of the proper county, or by the attorney-general, upon information and belief, and no bond shall be required."

This act the court held to be unconstitutional, in that it contains more than one subject. The purpose of the act was to amend section 253 of the code. That section is a part of the chapter of the code which treats of injunctions. The entire chapter relates to the single subject of injunctions. Before the amendment section 253 enumerated certain classes of cases in which injunctions might be granted. The amendment merely added to the list. The subject of the chapter is now, the same as before the amendment, the subject of each section it contains.

If the defendant's view were correct, it might be argued that section 238 (Gen. Stat. 1901, § 4685), embraced in the same chapter, is multifarious because it enumerates some three or four occasions upon which a temporary injunction may be granted. Clearly, however, the legislature does not there deal with waste, fraudulent transfers, and the like, but with temporary injunctions. So the burden of section 253 is not taxation, improvident public contracts, and nuisances, but the right to invade those fields with an injunction. If the principle of interpretation here applied were

not the true one section 5 of the act relating to corporations (Gen. Stat. 1901, § 1249) would contain forty different subjects instead of one, and it would be impossible to pass a valid law of comprehensive scope.

By the terms of the act relating to injunctions a temporary injunction is a provisional remedy. Hence an order vacating a temporary injunction is reviewable under the second subdivision of section 542 of the code. (Gen. Stat. 1901, § 5019.)

The judgment of the district court is reversed, and the cause remanded.

All the Justices concurring.